## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HOMER L. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-924-TCM |
| | ) | |
| ST. CHARLES, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Homer L. Reed (registration no.97649) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee. The Court will assess an initial partial filing fee of $8.83. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the

Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $44.17, and an average monthly balance of $21.27. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.83, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are St. Charles, Missouri, Susan

Schniedler, Patricia Dignam, Bar Association and Lawyers Referral Service, April Watson, Erin Ryan Ball, Yolanda Lester, Melissa Clark, Rachelle Creech, George Walker, Jasmine Lewis, Joe Doe (Wentzville police officer), Karla McGown, Roy McGown, Al Grant, Theresa Clark, Wentzville Police Department, Wednesday Reed, Linnus Kersting (police officer), Unknown Merekel (sergeant), Kelly Bond, Charles F. James (attorney), David Bruns (attorney), and LaDonna Hawkins.

Plaintiff alleges that (1) St. Charles County discriminated against him when it "let the 'key' witness and 'conspirator' go who caused the 'fight'"; (2) David Bruns, plaintiff's trial attorney, refused to subpoena any of the witnesses plaintiff wanted him to call; (3) Charlie F. James, another attorney, "did not do anything for [plaintiff] at all but take [his] money"; (4) Susan Schneidler and Patricia Dignam called plaintiff a "SOB" in court ; (5) the Bar Association Lawyer Referral Service denied plaintiff his "right to have an attorney"; (6) April Watson committed slander and defamation; (7) Erin Ryan Ball conspired with plaintiff's ex-wife, defendant Karla McGown, as well as plaintiff's ex-girlfriend, LaDonna Hawkins, and plaintiff's daughter, Wednesday Reed, relative to a life insurance policy; (8) Yolanda Lester "lied on [plaintiff]" and committed slander and defamation; (9) Theresa Clark and Melissa Clark committed slander and defamation; (10) Erin Ball "was responsible for the assault on [plaintiff]"; (11) Jasmine Lewis owes plaintiff money; (12) George Walker threatened to shoot plaintiff and "stuck his nose in [plaintiff's] business where he didn't belong"; (13) the Wentzville Police testified against plaintiff at trial and lied; (14) Al Grant committed a civil conspiracy against plaintiff; and (15) Karla and Roy McGown conspired to take plaintiff's house. Plaintiff asserts numerous additional pendent state-law claims against defendants, including breach of contract, fraud, embezzlement, and malicious prosecution.

**Discussion**

**A. Defendant Police Officers**

Plaintiff brings this action against the defendant police officers Joe Doe, Linnus Kersting, and Unknown Merekel, in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Joe Doe, Linnus Kersting, and Unknown Merekel.

**B. Defendants St. Charles, Missouri, Bar Association and Lawyers Referral Service, and Wentzville Police Department**

The complaint is legally frivolous as to defendants St. Charles, Missouri, and Bar Association and Lawyers Referral Service, because plaintiff's allegations do not rise to the level of a constitutional violation and are wholly insufficient to state a claim or cause of action against them. The complaint is legally frivolous as to defendant Wentzville Police Department, because police departments are not suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992); see also De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. 2001)

(sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

**C. All Remaining Defendants**

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not allege, nor does it appear, that the following defendants are state actors within the meaning of § 1983: Susan Schneidler, Patricia Dignam, April Watson, Erin Ryan Ball, Yolanda Lester, Melissa Clark, Rachelle Creech, George Walker, Jasmine Lewis, Karla McGown, Roy McGown, Al Grant, Theresa Clark, Wednesday Reed, Kelly Bond, and LaDonna Hawkins. As such, to the extent that plaintiff is attempting to assert § 1983 claims against these defendants, the complaint is legally frivolous.

Plaintiff's § 1983 claims against attorneys Charles F. James and David Bruns are also legally frivolous. See Polk County v. Dodson, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

Moreover, because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383

U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $8.83 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 16th Day of August, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE