# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HOMER L. REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-924-TCM |
| | ) | |
| ST. CHARLES, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review pursuant to 28 U.S.C. § 1915A.[1] Pursuant to 28 U.S.C. § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

---

[1] On July 23, 2010, plaintiff paid the $350 filing fee.

## The Complaint

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are St. Charles, Missouri, Susan Schniedler, Patricia Dignam, Bar Association and Lawyers Referral Service, April Watson, Erin Ryan Ball, Yolanda Lester, Melissa Clark, Rachelle Creech, George Walker, Jasmine Lewis, Joe Doe (Wentzville police officer), Karla McGown, Roy McGown, Al Grant, Theresa Clark, Wentzville Police Department, Wednesday Reed, Linnus Kersting (police officer), Unknown Merekel (sergeant), Kelly Bond, Charles F. James (attorney), David Bruns (attorney), and LaDonna Hawkins.

Plaintiff alleges that (1) St. Charles County discriminated against him when it "let the 'key' witness and 'conspirator' go who caused the 'fight'"; (2) David Bruns, plaintiff's trial attorney, refused to subpoena any of the witnesses plaintiff wanted him to call; (3) Charlie F. James, another attorney, "did not do anything for [plaintiff] at all but take [his] money"; (4) Susan Schneidler and Patricia Dignam called plaintiff a "SOB" in court ; (5) the Bar Association Lawyer Referral Service denied plaintiff his "right to have an attorney"; (6) April Watson committed slander and defamation; (7) Erin Ryan Ball conspired with plaintiff's ex-wife, defendant Karla McGown, as well as plaintiff's ex-girlfriend, LaDonna Hawkins, and plaintiff's daughter, Wednesday Reed, relative to a life insurance policy; (8) Yolanda Lester "lied on [plaintiff]" and committed slander and defamation; (9) Theresa Clark and Melissa Clark committed slander and defamation; (10) Erin Ball "was responsible for the assault on [plaintiff]"; (11) Jasmine Lewis owes plaintiff money; (12) George Walker threatened to shoot plaintiff and "stuck his nose in [plaintiff's] business where he didn't belong"; (13) the Wentzville Police testified against plaintiff at trial and lied; (14) Al Grant committed a civil conspiracy against plaintiff; and (15) Karla and Roy McGown conspired to take plaintiff's house.

Plaintiff asserts numerous additional pendent state-law claims against defendants, including breach of contract, fraud, embezzlement, and malicious prosecution.

## Discussion

### A. Defendant Police Officers

Plaintiff brings this action against the defendant police officers Joe Doe, Linnus Kersting, and Unknown Merekel, in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Joe Doe, Linnus Kersting, and Unknown Merekel.

### B. Defendants St. Charles, Missouri, Bar Association and Lawyers Referral Service, and Wentzville Police Department

The complaint is legally frivolous as to defendants St. Charles, Missouri, and Bar Association and Lawyers Referral Service, because plaintiff's allegations do not rise to the level of a constitutional violation and are wholly insufficient to state a claim or cause of action against them. The complaint is legally frivolous as to defendant Wentzville Police Department, because police departments are not

suable entities under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992); see also De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983; local governments can be liable under § 1983 only if injury stems from official policy or custom).

### C. All Remaining Defendants

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not allege, nor does it appear, that the following defendants are state actors within the meaning of § 1983: Susan Schneidler, Patricia Dignam, April Watson, Erin Ryan Ball, Yolanda Lester, Melissa Clark, Rachelle Creech, George Walker, Jasmine Lewis, Karla McGown, Roy McGown, Al Grant, Theresa Clark, Wednesday Reed, Kelly Bond, and LaDonna Hawkins. As such, to the extent that plaintiff is attempting to assert § 1983 claims against these defendants, the complaint is legally frivolous.

Plaintiff's § 1983 claims against attorneys Charles F. James and David Bruns are also legally frivolous. See Polk County v. Dodson, 454 U.S. 312 (1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992)(attorneys, whether appointed or retained, who represented plaintiff in criminal proceeding did not act under color of state law and were not subject to suit under § 1983); Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law).

Moreover, because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED** as moot, because plaintiff has paid the filing fee in full.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 17th Day of August, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE